# IN THE UNITED STATES BANKRUPTCY COURT
## Middle District of Alabama

| | |
|---|---|
| **In the Matter of:** } | |
| } | Case No. 11-31583 |
| Sandra Medlock McIntosh } | |
| } | Chapter 13 |
| } | |
| **Debtor(s)** } | |

## MOTION FOR DISCHARGE UNDER 11 U.S.C. SECTION 1328(a) AND
## DEBTOR'S CERTIFICATION OF COMPLIANCE WITH 11 U.S.C. SECTION 1328

PURSUANT TO LBR 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE FILED WITH THE CLERK AND SERVED UPON THE MOVING PARTY. RESPONSES MUST BE FILED ELECTRONICALLY WITH THE CLERK OR BY U.S. MAIL ADDRESSED TO THE CLERK OF THE BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, ALABAMA 36104.

The Debtor(s), in the above captioned matter certifies as follows:

1. The Chapter 13 Trustee has issued a Trustee's Notice of Plan Completion and Final Report and Accounting, and/or debtor has otherwise been notified by the Trustee that he/she/they have completed payments under the Plan. The Debtor is requesting the Court issue a discharge in this case pursuant to 11 U.S.C. Section 1328(a).

2. The Debtor has completed an instructional course concerning personal financial management described in 11 U.S.C. § 111 and has filed either the PFMI Certificate or Official Form 23 with this Court. (Or, an order waiving this requirement has been entered by the court).

3. Certification Concerning Domestic Support Obligations:

    \_\_\_**X**\_A. The Debtor has not been required by a judicial or administrative order, or by statute to pay any domestic support obligation as defined in 11 U.S.C. § 101(14A)

    Or

    \_\_\_\_\_ B. The Debtor certifies that all amounts payable under any domestic support obligations (required by judicial or administrative order or by statute) that are due on or before the date of this certification (including amounts due before, but only to the extent provided for by the plan) have been paid. The name of each holder of a domestic support obligation is as follows:

4. The debtor is not attempting to discharge debts owed to the following creditors:

5. Certification concerning 11 U.S.C. § 1328(h): The debtor certifies that 11 U.S.C. §522(q)(1) is not applicable to the debtor(s), and there is not pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

6. The Debtor(s) has not received a discharge under chapter 7, 11, or 12 in a case filed during the 4 year period preceding the filing of the instant case and has not received a discharge under chapter 13 in a case filed during the 2 year period preceding the filing of the instant case.

WHEREFORE, Debtor(s) respectfully prays that this Court will enter discharge under 11 U.S.C. Section 1328(a).

By signing this motion/certification, I/we acknowledge that all of the statements contained herein are true and accurate and that the Court may rely on each of these statements in determining whether to grant me/us a discharge in this Chapter 13 case. The Court may revoke my/our discharge if the statements relied upon herein are proven to be inaccurate.

Dated: December 8, 2014

Debtor Sandra Medlock McIntosh
/s/ Sandra Medlock McIntosh

/s/ Richard D. Shinbaum
*Attorney for Debtor.*
Richard D. Shinbaum
Shinbaum & Associates
566 South Perry Street
P O Box 201
Montgomery, AL 36101
334-269-4440- Selma 334-872-4545

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above foregoing motion on all parties listed below by placing them in the

United States Mail, postage prepaid, and properly addressed, or by CM/ECF on this day December 8, 2014.

Chapter 13 Trustee, Curtis C. Reding
Bankruptcy Administrator, Teresa Jacobs
Upon All Creditors